IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:07cr002-WHA |
| | ) | |
| JOHN HENRY MCCORY | ) | |

**ORDER**

Defendant McCory has filed a motion (Doc. # 26) asking the court to direct the U.S. Marshal Service to transport him for a neurological evaluation at the office of Dr. Benjamin Wouters in Montgomery, Alabama. Defendant's motion represents that a Dr. Roy, who examined him and gave him a preliminary diagnosis of post traumatic stress disorder, "identified certain symptoms which may indicate organic brain damage and has requested additional information and neurological testing of Mr. McCory." Motion at 1. Dr. Wouters has agreed to conduct the evaluation, which will include an MRI, the cost of which will be covered by defendant's medical benefits. According to defendant, the necessary examinations and tests cannot be conducted at the Montgomery City Jail.

The government's response to the motion (Doc. # 29), filed June 26, 2007, indicates that the government opposes the motion on the grounds that requiring the Marshal to "escort the Defendant to a doctor outside the prison system would impose an unnecessary burden on the already understaffed Marshal Service," and that "security reasons mandate that Defendant receive any necessary tests and/or treatment in a secure environment," which can "be best provided within the Bureau of Prisons." Response at 1.

The defendant is currently in the Marshal's custody on a bank robbery charge,

although he also has a pending state charge for the same offense. Thus, defendant's motion does not seek to compel the Marshal to transport an inmate who is in the custody of the state. See Pennsylvania Bureau of Correction v. U.S. Marshals Service, 474 U.S. 34, 38 (1985). The court is sensitive to the Marshal's substantial workload, and it will not require him to transport the defendant for local examination on a specific date and time chosen by defendant without regard for the Marshal's other responsibilities.[1] However, in this particular case, with trial set for August 6, 2007 (and the date for notice of intent to change plea scheduled even earlier), the court concludes that it is impracticable to send defendant to the nearest BOP facility which could conduct the testing required – e.g., FMC Carswell (Ft. Worth, Texas) or MCFP Springfield (Springfield, Missouri) – since this approach would involve delays while defendant awaited designation to a facility with an available bed, and would not likely save the Marshal Service substantial time or resources, as it would still be responsible for transporting the defendant to one of these facilities. Further, the court is confident that the Marshal can provide adequate security in this case, as defendant is a sixty-year-old armed services veteran with no prior felony record.

Accordingly, and as the court finds that a neurological evaluation is necessary for the preparation of defendant's defense and that, under the specific circumstances of this case, an order to transport the defendant for a local examination is necessary and appropriate in aid of the court's jurisdiction, it is

---

[1] The court notes that defendant did attempt to consult with the Marshal's Service concerning the timing of an appointment prior to filing his motion.

ORDERED that defendant's motion be and hereby is GRANTED to the extent that the Marshal shall transport defendant for neurological evaluation by Dr. Benjamin Wouters on a date and time to be determined by the Marshal's Service, in consultation with defendant's counsel, but not later than two weeks from the date of this order. Counsel for defendant is DIRECTED to contact the Marshal to make these arrangements.

DONE, this 28th day of June, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE